**Kathy THOMAS, Petitioner-Appellant,**

v.

**Dorothy ARN, Respondent-Appellee.**

**No. 83–3095.**

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 3, 1983.

Decided March 9, 1984.

Rehearing Denied June 25, 1984.

Christopher D. Stanley, Cleveland, Ohio, for petitioner-appellant.

Kathy Thomas, pro se.

Anthony J. Celebrezze, Atty. Gen. of Ohio, Connie Harris, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before MERRITT and JONES, Circuit Judges, and JOHNSTONE, District Judge.*

JOHNSTONE, District Judge.

Petitioner, Kathy Thomas, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for post conviction relief from her Ohio murder conviction for the death of her common law husband, Reuben Daniels. At her trial, Thomas alleged that she shot him in self defense. The evidence at trial established that the decedent was a violent man who had beaten Thomas on a number of occasions, including just before the shooting. In support of her defense, Thomas attempted to offer the testimony of a social worker as an expert witness on "battered wife syndrome." The trial court voir dired the witness, found him unqualified, and held his testimony inadmissible.

On appeal, the Ohio Court of Appeals reversed Thomas's conviction on this issue; however, this ruling was overturned by the Ohio Supreme Court and her conviction reinstated. *State v. Thomas,* 17 O.Op.2d 397 (Ohio App.1980), *reversed,* 66 Ohio St.2d 518, 423 N.E.2d 137 (1981). Thomas exhausted all state relief before filing her petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division.

Thomas's petition was referred to a magistrate under 28 U.S.C. § 636(b)(1)(B). The magistrate filed his report and recommended that the petition be denied on May 11, 1982. Title 28 of the United States Code, Section 636(c), provides that Thomas had ten days within which to file written objections, if any, to the magistrate's report. Thomas, represented by counsel, filed a motion for an extension of time to file objections to the report. The motion was granted and Thomas given until June 15, 1982. Thomas, however filed no objections. On September 3, 1982, the district court, Contie, J., considered the record *de novo* and the recommendation of the magistrate. The court denied the petition of Thomas for a writ of habeas corpus on the same grounds enunciated by the magistrate. From this judgment Thomas filed a timely notice of appeal.

Jurisdiction over the parties and subject matter is appropriate pursuant to 28 U.S.C. § 2241. The court, however, faces the threshold issue raised by the respondent of whether Thomas waived her right to appeal due to her failure to file objections to the report and recommendation of the magistrate.

In *United States v. Walters,* 638 F.2d 947 (6th Cir.1981), this court held that "... a party shall file objections [to a magistrate's report] with the district court or else waive right to appeal." *Id.* at 950. *But see Britt*

---

* Honorable Edward Johnstone, United States District Court Judge for the Western District of Kentucky, sitting by designation.

*v. Simi Valley Unified School District,* 708 F.2d 452, 453, 454 (9th Cir.1983). The holding in *Walters,* announced over a year before the report in this case was filed, was given prospective application, and accordingly, is applicable to this action. As required by *Walters,* the report at issue here contained a warning to the parties that failure to file objections within ten days would result in a waiver of the right to appeal the judgment of the district court.

Careful examination of the record reveals that Thomas failed to file written objection to the report and recommendation of the magistrate that her habeas corpus petition be dismissed by the district court. Under such circumstances, Thomas waived further appeal as compelled by this court's interpretation of 28 U.S.C. § 636(b)(1) in *United States v. Walters,* 638 F.2d 947. Accordingly, the judgment of the United States District Court for the Northern District of Ohio, Eastern Division, dismissing this petition for a writ of habeas corpus is AFFIRMED.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the outcome of this case because, as the majority concludes, *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981) bars Kathy Thomas' right to appeal. I write separately to note that if I were to reach the merits of this case I would grant the writ of habeas corpus. In my view, the trial court's exclusion of expert testimony on the "battered wife syndrome" impugned the fundamental fairness of the trial process thereby depriving Thomas of her constitutional right to a fair trial. *Mannino v. International Manufacturing Co.,* 650 F.2d 846 (6th Cir.1981); *Bell v. Arn,* 536 F.2d 123 (6th Cir.1976). There is sufficient literature which suggests that the public and thus, juries, do not understand the scope of the problem concerning battered women. *See, e.g., Report From the Attorney General & Task Force on Domestic Violence* (1978). Furthermore, they tend to be unsympathetic toward battered women. They fail to understand, for instance, why battered women do not leave their partners. Ascertaining a battered woman's state of mind is crucial to a determination of this and other aspects of her behavior. It may bear on the responsibility or lack of it, for her response. In my opinion the expert testimony could have clarified the unique psychological state of mind of the battered woman and should have been admitted by the trial judge. The law cannot be allowed to be mired in antiquated notions about human responses when a body of knowledge is available which is capable of providing insight.