## THOMAS *v.* ARN, SUPERINTENDENT, OHIO REFORMATORY FOR WOMEN

No. 84–5630.   Argued October 7, 1985—Decided December 4, 1985

MARSHALL, J., delivered the opinion of the Court, in which BURGER, C. J., and WHITE, POWELL, REHNQUIST, and O'CONNOR, JJ., joined. BRENNAN, J., filed a dissenting opinion, in which BLACKMUN, J., joined, *post*, p. 156. STEVENS, J., filed a dissenting opinion, *post*, p. 157.

*Christopher D. Stanley* argued the cause for petitioner. With him on the brief was *Louis A. Jacobs*.

*Richard David Drake*, Assistant Attorney General of Ohio, argued the cause for respondent. With him on the brief was *Anthony J. Celebrezze, Jr.*, Attorney General.

JUSTICE MARSHALL delivered the opinion of the Court.

In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U. S. C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispo-

sitions. Pub. L. 94–577, 90 Stat. 2729.[1] The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.[2] The question presented is whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment. We hold that it may.

I

Petitioner was convicted by an Ohio court in 1978 of fatally shooting her common-law husband during an argument.

---

[1] Title 28 U. S. C. § 636(b)(1)(B) provides:

"[A] judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement."

The motions excepted in § 636(b)(1)(A), and included by reference in subparagraph (B), are motions

"for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

[2] Title 28 U. S. C. § 636(b)(1)(C) provides:

"[T]he magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

"Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

The evidence at trial showed that the victim was a violent man who had beaten petitioner on a number of occasions during the previous three years. Petitioner raised the issue of self-defense at trial, and sought to call two witnesses who would present expert testimony concerning the Battered Wife Syndrome. After conducting a *voir dire* of these witnesses in chambers, the trial court refused to admit the testimony, on the grounds that the jury did not need the assistance of expert testimony to understand the case and that the witnesses, who had not personally examined petitioner, could not testify about her state of mind at the time of the shooting.

The Court of Appeals of Cuyahoga County reversed. *State* v. *Thomas*, 64 Ohio App. 2d 141, 411 N. E. 2d 845 (1979). The court's syllabus[3] concluded that testimony concerning the Battered Wife Syndrome is admissible "to afford the jury an understanding of the defendant's state of mind at the time she committed the homicide." App. 9. The Ohio Supreme Court, on discretionary review, reversed. *State* v. *Thomas*, 66 Ohio St. 2d 518, 423 N. E. 2d 137 (1981). The court held that the testimony was irrelevant to the issue of self-defense, and that its prejudicial effect would outweigh its probative value. Having exhausted state remedies, petitioner sought habeas corpus relief in the United States District Court for the Northern District of Ohio. The petition raised, *inter alia*, the question whether petitioner was denied a fair trial by the trial court's refusal to admit testimony concerning the Battered Wife Syndrome. Petitioner filed a memorandum of law in support of the petition. The District Judge, acting pursuant to 28 U. S. C. § 636(b)(1)(B), referred the case, including petitioner's memorandum of law, to a Magistrate. The Magistrate did not hold a hearing. On May 11, 1982, the Magistrate issued his report, containing proposed findings of fact and conclusions of law and recom-

---

[3] In Ohio, the court's syllabus contains the controlling law. See *Engle* v. *Isaac*, 456 U. S. 107, 111, n. 3 (1982), citing *Haas* v. *State*, 103 Ohio St. 1, 7–8, 132 N. E. 158, 159–160 (1921).

mending that the writ be denied. On the issue of the Battered Wife Syndrome testimony, the Magistrate concluded that the trial court's failure to admit the proffered testimony had not impaired the fundamental fairness of the trial, and therefore was not an adequate ground for habeas corpus relief.

The last page of the Magistrate's report contained the prominent legend:

"ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. See: *United States* v. *Walters*, 638 F. 2d 947 (6th Cir. 1981)."

Despite this clear notice, petitioner failed to file objections at any time. She sought and received an extension of time to file objections through June 15, 1982, on the grounds that "this case entails many substantive issues and counsel needs more time to write his brief." However, petitioner made no further submissions on the merits to the District Court. Notwithstanding petitioner's failure to file objections, the District Judge *sua sponte* "review[ed] . . . the entire record *de novo*," App. 59, and dismissed the petition on the merits. Petitioner sought and was granted leave to appeal.

Petitioner's brief on appeal raised only the issue of the Battered Wife Syndrome testimony. The brief provided no explanation for petitioner's failure to object to the Magistrate's report. Counsel for petitioner waived oral argument, and the case was decided on the briefs. The Court of Appeals for the Sixth Circuit affirmed. 728 F. 2d 813 (1984). Without reaching the merits, it held that petitioner had waived the right to appeal by failing to file objections to the Magistrate's report. *Id.*, at 815. The court relied upon its prior decision in *United States* v. *Walters*, 638 F. 2d 947 (1981), which established the prospective rule that failure to file timely objections with the district court waives subsequent review in the

court of appeals.   We granted the petition for a writ of certiorari, 470 U. S. 1027 (1985), and we now affirm.

## II

In *United States* v. *Walters, supra*, the appellant failed to object to the Magistrate's report, and the District Court adopted that report as its disposition of the case.   The appellant then brought an appeal.   The Court of Appeals for the Sixth Circuit considered the threshold question whether the appellant's failure to apprise the District Court of its disagreement with the Magistrate's recommendation waived the right to appeal.   The court held:

> "The permissive language of 28 U. S. C. § 636 suggests that a party's failure to file objections is not a waiver of appellate review.   However, the fundamental congressional policy underlying the Magistrate's Act — to improve access to the federal courts and aid the efficient administration of justice — is best served by our holding that a party shall file objections with the district court or else waive right to appeal.   Additionally, through the exercise of our supervisory power, we hold that a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived.
>
> .      .      .      .      .
>
> "However, we give our ruling only prospective effect because rules of procedure should promote, not defeat the ends of justice . . . ."   *Id.*, at 949–950 (footnote and citations omitted).

The nature of the rule and its prospective application demonstrate that the court intended to adopt a "rul[e] of procedure," *id.*, at 950, in the exercise of its supervisory powers. Later opinions of the Sixth Circuit make it clear that the court views *Walters* in this way.   See *Patterson* v. *Mintzes*, 717 F. 2d 284, 286 (1983) ("In *Walters* . . . this Court promulgated [a] rule of waiver"); *United States* v. *Martin*, 704 F. 2d 267, 275 (1983) (Jones, J., concurring) (characterizing *Wal-*

*ters* as "[r]ulemaking through the exercise of supervisory powers"). Thus, petitioner's first contention—that the Court of Appeals has refused to exercise the jurisdiction that Congress granted it—is simply inaccurate. The Court of Appeals expressly acknowledged that it had subject-matter jurisdiction over petitioner's appeal. 728 F. 2d, at 814. The Sixth Circuit has also shown that its rule is not jurisdictional by excusing the procedural default in a recent case. See *Patterson* v. *Mintzes, supra* (considering appeal on merits despite *pro se* litigant's late filing of objections). We therefore conclude that neither the intent nor the practical effect of the Sixth Circuit's waiver rule is to restrict the court's own jurisdiction.[4]

## III

It cannot be doubted that the courts of appeals have supervisory powers that permit, at the least, the promulgation of procedural rules governing the management of litigation. Cf. *Cuyler* v. *Sullivan*, 446 U. S. 335, 346, n. 10 (1980) (approving exercise of supervisory powers to require district court inquiry concerning joint representation of criminal defendants). Indeed, this Court has acknowledged the power of the courts of appeals to mandate "procedures deemed desirable from the viewpoint of sound judicial practice although

---

[4] The First, Second, Fourth, and Fifth Circuits have adopted waiver rules similar to the Sixth Circuit rule at issue in the present case. See *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F. 2d 603 (CA1 1980); *McCarthy* v. *Manson*, 714 F. 2d 234, 237 (CA2 1983); *United States* v. *Schronce*, 727 F. 2d 91 (CA4), cert. denied, 467 U. S. 1208 (1984); *United States* v. *Lewis*, 621 F. 2d 1382, 1386 (CA5 1980), cert. denied, 450 U. S. 935 (1981). The Ninth and Eleventh Circuits have concluded that the failure to file objections waives only factual issues on the appeal. See *Britt* v. *Simi Valley Unified School District*, 708 F. 2d 452, 454 (CA9 1983) (order denying petition for rehearing); *Nettles* v. *Wainwright*, 677 F. 2d 404 (CA5 1982) (en banc); but see *Lorin Corp.* v. *Goto & Co.*, 700 F. 2d 1202, 1205–1207 (CA8 1983) (rejecting waiver rule, at least where parties had not been notified that failure to object would waive appeal). In none of these cases have the courts spoken in jurisdictional terms.

in nowise commanded by statute or by the Constitution."
*Cupp* v. *Naughten*, 414 U. S. 141, 146 (1973); see also *Barker*
v. *Wingo*, 407 U. S. 514, 530, n. 29 (1972).[5]   Had petitioner
failed to comply with a scheduling order or pay a filing fee
established by a court of appeals, that court could certainly
dismiss the appeal.   Cf. *Link* v. *Wabash R. Co.*, 370 U. S.
626 (1962) (recognizing "inherent power" of court to dismiss
case for want of prosecution).   The fact that the Sixth Cir-
cuit has deemed petitioner to have forfeited her statutory
right to an appeal is not enough, standing alone, to invalidate
the court's exercise of its supervisory power.

   The Sixth Circuit's decision to require the filing of ob-
jections is supported by sound considerations of judicial
economy.   The filing of objections to a magistrate's report
enables the district judge to focus attention on those issues —
factual and legal—that are at the heart of the parties' dis-
pute.[6]   The Sixth Circuit's rule, by precluding appellate

---

[5] This power rests on the firmest ground when used to establish rules of
judicial procedure.   See Beale, Reconsidering Supervisory Power in Crim-
inal Cases: Constitutional and Statutory Limits on the Authority of the
Federal Courts, 84 Colum. L. Rev. 1433, 1465 (1984) (federal courts have
inherent authority to regulate "technical details and policies intrinsic to the
litigation process").   The Courts of Appeals have often exercised that au-
thority.   See, *e. g.*, *Tingler* v. *Marshall*, 716 F. 2d 1109, 1112 (CA6 1983)
(establishing procedure for *sua sponte* dismissal of complaints); *United
States* v. *Florea*, 541 F. 2d 568, 572 (CA6 1976) (prospective rule holding
that contact between party's agent and juror is *per se* prejudicial), cert.
denied, 430 U. S. 945 (1977); *United States* v. *Schiavo*, 504 F. 2d 1, 7–8
(CA3) (en banc) (establishing procedures for enjoining publication of in-
formation concerning criminal trial), cert. denied *sub nom. Ditter* v. *Phila-
delphia Newspapers, Inc.*, 419 U. S. 1096 (1974).

[6] In the present case, the filing of objections could have resulted in a
considerable saving of judicial time.   The original petition contained sev-
eral grounds for relief, but on appeal petitioner raised only the issue of the
admissibility of expert testimony on the Battered Wife Syndrome.   Had
petitioner objected only to that aspect of the Magistrate's report, the Mag-
istrate's review would have served to narrow the dispute for the District
Judge, and petitioner would have preserved her right to appeal the exclu-
sion of her expert testimony.

review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here." *United States* v. *Schronce*, 727 F. 2d 91, 94 (CA4) (footnote omitted), cert. denied, 467 U. S. 1208 (1984).

## IV

Even a sensible and efficient use of the supervisory power, however, is invalid if it conflicts with constitutional or statutory provisions. A contrary result "would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing." *United States* v. *Payner*, 447 U. S. 727, 737 (1980). Thus we now consider whether the Sixth Circuit's waiver rule conflicts with statutory law or with the Constitution.

## A

Petitioner argues that the Federal Magistrates Act precludes the waiver rule adopted by the Sixth Circuit. Her argument focuses on the permissive nature of the statutory language. The statute provides that a litigant "may" file objections, and nowhere states that the failure to do so will waive an appeal. Petitioner cites the Eighth Circuit's conclusion that "[o]ne would think that if Congress had wished such a drastic consequence to follow from the missing of the ten-day time limit, it would have said so explicitly." *Lorin Corp.* v. *Goto & Co.*, 700 F. 2d 1202, 1206 (1983). However,

we need not decide whether the Act mandates a waiver of appellate review absent objections. We hold only that it does not forbid such a rule.

Section 636(b)(1)(C) provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection. Petitioner argues, however, that the statutory language and purpose implicitly require the district court to review a magistrate's report even if no party objects. If petitioner's interpretation of the statute is correct, then the waiver of appellate review, as formulated by the Sixth and other Circuits, proceeds from an erroneous assumption— that the failure to object may constitute a procedural default waiving review even at the district court level.[7] Moreover, were the district judge required to review the magistrate's report in every case, the waiver of appellate review would not promote judicial economy as discussed in Part III, *supra*.

Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A). See *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F. 2d 603, 605 (CA1 1980). Nor

---

[7] The Sixth Circuit, in *Walters*, cited with approval the First Circuit's decision in *Park Motor Mart*, which held that "a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." 616 F. 2d, at 605; see *Walters*, 638 F. 2d, at 950. See also *McCarthy* v. *Manson*, 714 F. 2d, at 237 ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision") (footnote and citation omitted).

does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. We are therefore not persuaded that the statute positively requires some lesser review by the district court when no objections are filed.

Petitioner also argues that, under the Act, the obligatory filing of objections extends only to findings of fact. She urges that Congress, in order to vest final authority over questions of law in an Article III judge, intended that the district judge would automatically review the magistrate's conclusions of law. We reject, however, petitioner's distinction between factual and legal issues. Once again, the plain language of the statute recognizes no such distinction.[8] We also fail to find such a requirement in the legislative history.

It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94–625, pp. 9–10 (1976) (hereafter Senate Report); H. R. Rep. No. 94–1609, p. 11 (1976) (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.[9] Moreover, the Subcommittee

---

[8] This is so even though the category of dispositive matters subject to *de novo* review by the district judge as of right only upon filing of objections includes motions for judgment on the pleadings and dismissal for failure to state a claim on which relief can be granted, which consist exclusively of issues of law. See n. 1, *supra*.

[9] Petitioner points to a passage in the House Report that quotes from *Campbell* v. *United States District Court*, 501 F. 2d 196, 206 (CA9), cert. denied, 419 U. S. 879 (1974). The Ninth Circuit concluded: "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." See

that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding *or ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See *id.*, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order").[10] The

House Report, at 3. However, that statement was part of a longer quotation setting a *de novo* review standard when objections are filed. The House Report stated that a House amendment, which called for *de novo* review in the same circumstances, was "adopted" from the Ninth Circuit's decision in *Campbell.* House Report, at 3. We believe, therefore, that the House Report used the language from *Campbell* only to support a *de novo* standard upon the filing of objections, and not for any other proposition.

[10] Indeed, Judge Metzner specifically addressed the difference between a magistrate's ruling on a nondispositive motion, which Congress clearly "intended to be 'final' unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination," Senate Report, at 8, and a ruling on a dispositive motion. Judge Metzner concluded: "I think we are talking more about form, than we are of substance." Senate Hearings, at 12.

Moreover, both Judge Metzner and the Judicial Conference were of the opinion that Congress could probably vest magistrates with the authority to make a final decision on dispositive motions without violating Article III, and that the language of § 636(b)(1)(B), calling for the magistrate to make only recommendations on dispositive motions, was adopted out of an abundance of caution. See Senate Hearings, at 6 (statement of

Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.[11] There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Nor is the waiver of appellate review inconsistent with the purposes of the Act. The Act grew out of Congress' desire to give district judges "additional assistance" in dealing with a caseload that was increasing far more rapidly than the number of judgeships. *Mathews* v. *Weber*, 423 U. S. 261, 268 (1976).[12] Congress did not intend district judges "to devote a

Judge Metzner); *id.*, at 35 (report of Judicial Conference of the United States). While we express no view on the accuracy of those opinions, we think they are relevant to Congress' intent. See also House Report, at 8 ("it is not feasible for every judicial act, at every stage of the proceeding, to be performed by 'a judge of the court'").

[11] See Senate Hearings, at 32 (statement of William P. Westphal, Chief Counsel) (filing objections as provided in the statute "is the procedure for them to follow, if they feel aggrieved by any of these motions").

[12] The 1976 amendments were prompted by this Court's decision in *Wingo* v. *Wedding*, 418 U. S. 461 (1974). That case held that Congress had not intended, in enacting the Federal Magistrates Act in 1968, to permit a magistrate to conduct an evidentiary hearing on a habeas corpus petition. Congress enacted the 1976 amendments to "restat[e] and clarif[y]" Congress' intent to permit magistrates to hold evidentiary hearings and perform other judicial functions. See Senate Report, at 3.

substantial portion of their available time to various procedural steps rather than to the trial itself." House Report, at 7. Nor does the legislative history indicate that Congress intended this task merely to be transferred to the court of appeals. It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution. We now turn to the latter question.

B

Petitioner contends that the waiver of appellate review violates Article III and the Due Process Clause of the Fifth Amendment. Article III vests the judicial power of the United States in judges who have life tenure and protection from decreases in salary.[13] Although a magistrate is not an Article III judge, this Court has held that a district court may refer dispositive motions to a magistrate for a recommendation so long as "the entire process takes place under the district court's total control and jurisdiction," *United States* v. *Raddatz,* 447 U. S. 667, 681 (1980), and the judge "'exercise[s] the ultimate authority to issue an appropriate order,'" *id.,* at 682, quoting Senate Report, at 3. The Sixth Circuit's rule, as petitioner sees it, permits a magistrate to exercise the Article III judicial power, because the rule forecloses meaningful review of a magistrate's report at both the district and appellate levels if no objections are filed.

We find that argument untenable. The waiver of appellate review does not implicate Article III, because it is the

___

[13] Article III, § 1, of the Constitution provides:

"The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

district court, not the court of appeals, that must exercise supervision over the magistrate. Even assuming, however, that the effect of the Sixth Circuit's rule is to permit both the district judge and the court of appeals to refuse to review a magistrate's report absent timely objection, we do not believe that the rule elevates the magistrate from an adjunct to the functional equivalent of an Article III judge. The rule merely establishes a procedural default that has no effect on the magistrate's or the court's jurisdiction. The district judge has jurisdiction over the case at all times. He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment. Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard. Indeed, in the present case, the District Judge made a *de novo* determination of the petition despite petitioner's failure even to suggest that the Magistrate erred. The Sixth Circuit's rule, therefore, has not removed "'the essential attributes of the judicial power,'" *Northern Pipeline Co.* v. *Marathon Pipe Line Co.*, 458 U. S. 50, 77 (1982) (plurality opinion), quoting *Crowell* v. *Benson*, 285 U. S. 22, 51 (1932), from the Article III tribunal.[14]

---

[14] The plurality in *Northern Pipeline*, and the concurrence in *Raddatz*, noted that the magistrate himself remains under the district court's authority. The magistrate is appointed, and subject to removal, by the district court. See *Northern Pipeline*, 458 U. S., at 79, and n. 30; *Raddatz*, 447 U. S., at 685 (BLACKMUN, J., concurring) ("[T]he only conceivable danger of a 'threat' to the 'independence' of the magistrate comes from within, rather than without, the judicial department"). Those observations, of course, are also relevant here, and again weigh on the side of concluding that a magistrate remains an adjunct even though the district court and the court of appeals may refuse to entertain issues that are not raised in properly filed objections.

Petitioner claims also that she was denied her statutory right of appeal, in violation of the Due Process Clause. That right was not denied, however; it was merely conditioned upon the filing of a piece of paper. Petitioner was notified in unambiguous terms of the consequences of a failure to file, and deliberately failed to file nevertheless. We recently reiterated our longstanding maxim that "the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule." *Logan* v. *Zimmerman Brush Co.*, 455 U. S. 422, 437 (1982). The same rationale applies to the forfeiture of an appeal, and we believe that the Sixth Circuit's rule is reasonable. Litigants subject to the Sixth Circuit's rule are afforded " 'an *opportunity* . . . granted at a meaningful time and in a meaningful manner,' " *ibid.*, quoting *Armstrong* v. *Manzo*, 380 U. S. 545, 552 (1965), to obtain a hearing by the Court of Appeals. We also emphasize that, because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice.[15]

## V

We hold that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired. Such a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power that does not violate either the Federal Magistrates Act or the Constitution. The judgment of the Court of Appeals is

*Affirmed.*

---

[15] Cf. Fed. Rule Crim. Proc. 52(b) (court may correct plain error despite failure of party to object). We need not decide at this time what standards the courts of appeals must apply in considering exceptions to their waiver rules.

156

JUSTICE BRENNAN, with whom JUSTICE BLACKMUN joins, dissenting.

Under the rule adopted by the United States Court of Appeals for the Sixth Circuit and sanctioned by this Court, a party waives his right to appeal the judgment of the district court by failing to file timely objections to a magistrate's report. Because this rule conflicts with the plain language of the Federal Magistrate's Act, I dissent.

The Magistrate's Act states that "any party may serve and file written objections to [the magistrate's] proposed findings and recommendations. . . . A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1)(C). The Act clearly specifies the penalty for a party's failure to file objections to the magistrate's report—the party loses his right to *de novo* review by the district court. The Act does not *require* a party to file objections. And it does not, contrary to the Sixth Circuit's rule, provide that a party's failure to file objections deprives him of the right to *any* review by the district court,* or by the court of appeals. Rather, the district court judge retains the power, and indeed the obligation, to "accept, reject, or modify" the magistrate's findings and recommendations. 28 U. S. C. § 636(b)(1)(C). The Act leaves unaffected a party's right to appeal the judgment of the district court to the court of appeals.

A habeas applicant is entitled to appeal only the final order of the district court. 28 U. S. C. § 2253. I fail to understand how petitioner could have waived her right to appeal a final order *before* that order was rendered. The majority attempts to justify this result by characterizing the Sixth Circuit's rule as a simple exercise of its supervisory powers.

---

*The absence of an objection cannot "reliev[e] the district court of its obligation to act judicially, to decide for itself whether the Magistrate's report is correct." *Lorin Corp.* v. *Goto & Co.*, 700 F. 2d 1202, 1206 (CA8 1983).

While I do not question the Court of Appeals' authority to promulgate reasonable procedural rules, I would not sanction a rule that imposes a penalty for failure to file objections beyond that contemplated by Congress. Because the Sixth Circuit's "supervisory rule" unlawfully deprives petitioner of her statutory right to appeal the District Court's judgment, I respectfully dissent.

JUSTICE STEVENS, dissenting.

The waiver rule adopted by the United States Court of Appeals for the Sixth Circuit is neither required nor prohibited by the Federal Magistrates Act. As a product of that court's supervisory power, it need not conform to the practice followed in other circuits. Hence, despite the appearance of a conflict among the circuits, the interest in uniform interpretation of federal law is not implicated and this Court might have been well advised simply to deny the petition for certiorari. Since the Court has elected to review the application of the Sixth Circuit's rule, however, I believe it should modify it in one respect.

As the Court demonstrates, in most cases it is surely permissible to treat the failure to file timely objections to a magistrate's report as a waiver of the right to review, not only in the district court, but in the court of appeals as well. But our precedents often recognize an exception to waiver rules—namely, when a reviewing court decides the merits of an issue even though a procedural default relieved it of the duty to do so. See, e. g., *Oklahoma City* v. *Tuttle*, 471 U. S. 800, 815–816 (1985) (reaching merits despite failure to object to jury instruction because Court of Appeals overlooked default); *On Lee* v. *United States*, 343 U. S. 747, 750, n. 3 (1952) ("Though we think the Court of Appeals would have been within its discretion in refusing to consider the point, their having passed on it leads us to treat the merits also"). It is for this reason that we may disregard a procedural default in a state trial court if a state appellate court addresses the federal issue. *E. g., Ulster County Court* v.

*Allen*, 442 U. S. 140, 149 (1979); *Raley* v. *Ohio*, 360 U. S. 423, 436–437 (1959).   In such cases, the reasons for relying on the procedural default as a bar to further review are generally, if not always, outweighed by the interest in having the merits of the issue correctly resolved.

A similar exception should be recognized in this case. When the district court elects to exercise its power to review a magistrate's report *de novo* and renders an opinion resolving an issue on the merits, there is no danger of "sandbagging" the district judge.   See *ante*, at 148.   Moreover, if the district judge has concluded that there is enough merit in a claim to warrant careful consideration and explanation despite the litigant's failure to object before the magistrate, the interest in minimizing the risk of error should prevail over the interest in requiring strict compliance with procedural rules.   Because the District Court decided the merits of petitioner's claim in this case, I would hold that she has a right to review in the Court of Appeals.   To that admittedly limited extent, I respectfully dissent.