919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sarah DENIGER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 90-1477.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sarah Deniger appeals the district court's summary judgment order which affirmed the Secretary's denial of Deniger's claim for widow's disability benefits. The Secretary argues, inter alia, that we should dismiss Deniger's appeal because the appellant waived her right to appeal by failing to file objections to the magistrate's report and recommendation. Because we find that the appellant did indeed waive her right to appeal the summary judgment order entered for the Secretary, we dismiss Deniger's appeal.
 
 I.
 
 2
 Deniger's action in the district court was referred to a magistrate who recommended that the Secretary's motion for summary judgment be granted. In his report and recommendation, the magistrate stated that objections to the report had to be filed within ten days to protect the parties' right to appeal:
 
 
 3
 The parties are hereby informed that objections may be filed to this Report and Recommendation within ten (10) days after being served with a copy thereof as provided for in 28 U.S.C. Sec. 636(b)(1)(C) and that failure to file objections may constitute a waiver of any further right to appeal. United States v. Walters, 638 F.2d 947 (6th Cir.1981) states that "a party shall file objections within the district court or else waive right to appeal."
 
 
 4
 Magistrate's February 28, 1990 Report and Recommendation at 5-6. Deniger did not file objections to the magistrate's report. The district court thereafter entered its order accepting the magistrate's report and recommendation and, accordingly, granted summary judgment to the Secretary on March 21, 1990.
 
 II.
 
 5
 This court has repeatedly held that the failure to file timely objections to a magistrate's report and recommendation results in the waiver of a right to appeal a subsequent order of the district court adopting the magistrate's report. Ivey v. Wilson, 832 F.2d 950, 957 (6th Cir.1987); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir.1986); Thomas v. Arn, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985).
 
 
 6
 In Thomas v. Arn, the United States Supreme Court noted that "[t]he Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." 474 U.S. at 147-48. Deniger failed to file any objections to the magistrate's report and recommendation in the instant action. Accordingly, Deniger waived her right to appeal the summary judgment order entered by the district court for the Secretary.
 
 III.
 
 7
 For the aforementioned reasons, we dismiss Deniger's appeal.