51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Allen LAWLESS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5623.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges; and JOINER,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant Kenneth Allen Lawless appeals the district court's judgment denying his motion filed pursuant to 28 U.S.C. Sec. 2255 to set aside his conviction and sentence following his guilty plea to the charges of possession with intent to distribute lysergic acid diethylamide ("LSD") in violation of 21 U.S.C. Sec. 841(a)(1), and using and carrying firearms in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). On appeal, the issues are (1) whether defendant waived his right to appeal by failing to object to the magistrate judge's report, (2) whether defendant's guilty plea to the charge of using and carrying firearms in relation to a drug trafficking crime was voluntary and supported by a sufficient factual basis, and (3) whether defendant's sentence should be recalculated due to a subsequent amendment to the United States Sentencing Guidelines. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On August 30, 1990, the Bureau of Alcohol, Tobacco, and Firearms and the Louisville (Kentucky) Police Department were advised by an informant that defendant Kenneth Lawless would be in possession of LSD for distribution that evening. The informant further stated that Lawless would be in the parking lot of the Southland Terrace Shopping Center in Louisville, Kentucky, in a blue Ford van. Accordingly, agents began surveillance of the shopping center at 7:00 p.m. and within a short period of time observed defendant driving a blue Ford van. The agents stopped the van and informed defendant that they had information that he was transporting illegal drugs. Defendant denied that he had any drugs and consented to a search of his vehicle.
 
 
 3
 During the search, the agents found two plastic bags of blotter type LSD under a front section of carpeting in the van and ammunition consisting of a box of Winchester 9 mm shells and a box of .22 caliber shells. Defendant was then advised of his constitutional rights, following which defendant indicated that he wished to cooperate with law enforcement authorities. He informed the agents that he had an additional 400 doses of blotter type LSD at his house in Bullitt County, Kentucky, and he also advised the agents that he was a convicted felon and that he had several weapons in his residence.
 
 
 4
 Subsequently, defendant became uncooperative. Therefore, the agents obtained a search warrant for his residence at 4522 Prairie Drive in Louisville, Kentucky. During the search of defendant's residence on September 1, 1990, agents found several weapons, ammunition, fifteen squares or "hits" of blotter type LSD, which weighed 653 milligrams including the carrier medium, and a small quantity of marijuana.[1] The firearms and ammunition were located mainly in the master bedroom and the hall closet. The LSD, which was wrapped in tin foil, was found by the headboard of defendant's bed. However, the agents never found the 400 doses of LSD that defendant had previously said he had stashed in his house.
 
 B.
 
 5
 On April 17, 1991, defendant was charged in a four-count indictment. Count one charged defendant with possession with intent to distribute LSD in violation of 21 U.S.C. Sec. 841(a)(1). Count two charged defendant with being a felon in possession of ammunition, and count three charged defendant with being a felon in possession of firearms and ammunition, both in violation of 18 U.S.C. Sec. 922(g). Count four charged defendant with using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c).
 
 
 6
 On October 28, 1991, the day the trial was scheduled to begin, defendant entered into an oral plea agreement pursuant to which he pleaded guilty to counts one and four of the indictment in exchange for the government's promise to dismiss counts two and three. Additionally, the government agreed to recommend the minimum sentence on count one and further agreed not to oppose a two-level reduction for acceptance of responsibility.
 
 
 7
 During the change of plea hearing, defendant admitted under oath that he had committed the offenses charged in counts one and four of the indictment. Furthermore, defense counsel advised the district court that the majority of LSD was found in defendant's van while the firearms were found at defendant's home where a smaller amount of LSD was also found. Defense counsel also stated that he had explained to defendant this court's broad interpretation of 18 U.S.C. Sec. 924(c) with regard to firearms being used or carried during a drug trafficking offense under the fortress theory. Finally, defense counsel advised the district court that he had discussed with defendant the instructions that the district court would most likely give to a jury and that they had concluded that a jury could find that defendant violated 18 U.S.C. Sec. 924(c). Thus, defense counsel explained, "that's why the defendant has decided to enter a plea of guilty." J.A. 77. After a lengthy interrogation of defendant, the district court determined that defendant was competent and that defendant knowingly and voluntarily entered his plea of guilty to counts one and four of the indictment.
 
 
 8
 On February 27, 1992, the district court sentenced defendant to 33 months imprisonment on count one and 60 months imprisonment on count four, to be served consecutively. At the sentencing hearing, defendant stated:
 
 
 9
 I just don't see how the court system that we have could be manipulated into convicting me of charges that when I didn't, I wasn't in possession of the gun. I did have the drugs, I freely admitted it, but I never was in possession of the guns, but yet everybody says that I have to plead guilty to it.
 
 
 10
 J.A. 97. On April 27, 1992, the district court reduced defendant's sentence on count one to nine months pursuant to a motion by the government requesting the court to downward depart.
 
 C.
 
 11
 On July 15, 1993, defendant filed a motion pursuant to 28 U.S.C. Sec. 2255 to set aside his sentence wherein he alleged that his guilty plea to count four "was not voluntarily entered" and "that he indicated on the record that it was not his desire to plead guilty to the gun charge in that he did not do that." (Count four) J.A. 56.
 
 
 12
 On July 20, 1993, the district court referred the motion to a magistrate judge. On March 18, 1994, the magistrate judge filed his report and recommendation, advising that defendant's Sec. 2255 motion be denied. Although the report and recommendation provided notice to defendant that he had 10 days after being served with the report within which to file written objections, defendant filed no objections to the report and recommendation. The district court followed the report and recommendation and denied defendant's motion on April 4, 1994. This timely appeal followed.
 
 II.
 
 13
 We first address the threshold issue of whether defendant waived his right to appeal the district court's judgment on his Sec. 2255 motion by failing to file objections to the magistrate judge's report and recommendation. The Federal Magistrates Act provides that both parties shall have ten days after "being served with a copy" of the magistrate judge's report to file any objections. 28 U.S.C. Sec. 636(b)(1). In United States v. Walters, 638 F.2d 947 (6th Cir.1981), this court held that a party who fails to timely object to a magistrate judge's report and who is properly notified of the time limit waives the right to appeal from the district court's entry of judgment in accordance with the magistrate judge's report. Walters, 638 F.2d at 949-50. Accord Thomas v. Arn, 728 F.2d 813, 814-15 (6th Cir.1984), aff'd, 474 U.S. 140 (1985); Kelly v. Withrow, 25 F.3d 363, 365-66 (6th Cir.), cert. denied, 115 S.Ct. 674 (1994).[2]
 
 
 14
 In this case, the magistrate judge's report, filed on March 18, 1994, clearly notified the parties that a failure to file objections within 10 days would result in a waiver of the right to appeal the judgment of the district court. The report stated:
 
 NOTICE
 
 15
 Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C), the Magistrate Judge files these Findings and Recommendations with the Court and a copy shall forthwith be mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such Findings and Recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1984).
 
 
 16
 J.A. 124. As earlier stated, a review of the record shows that defendant filed no objections to the magistrate judge's report and recommendation within the 10 days provided or at any time. Furthermore, defendant does not put forth any reason why he failed to object to the magistrate judge's report and recommendation; instead, defendant cites cases from other circuits that contradict the well-settled law of this court. Therefore, we hold that defendant has waived his right to appeal the district court's denial of his Sec. 2255 motion to set aside his sentence. Accordingly, because we find this issue dispositive, we do not reach the issues raised by defendant in this appeal.
 
 III.
 
 17
 For the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The agents found a Smith & Wesson 9 mm pistol; an RG Model 23, .22 caliber revolver; a Colt Lawman .357 caliber revolver in a brown leather holster; a Mossberg Model 195, 12 gauge shotgun; a High Standard Field Classic .410 shotgun; a Marlon .22 caliber rifle; 22 rounds of .22 caliber and .357 caliber ammunition loaded in the firearms; and 11 additional boxes of ammunition
 
 
 [2]
 This court has held that because the Walters rule is procedural and not jurisdictional, we "may excuse the default in the interests of justice." O'Neal v. Morris, 3 F.3d 143, 144 (6th Cir.1993), vacated on other grounds, 1995 WL 66598 (1995). This case does not warrant an exception to the Walters rule. First, defendant argues that his plea was involuntary and was not supported by a sufficient factual basis. However, this argument is not supported by the record. A review of the transcript of the change of plea hearing shows that defendant understood the nature of the offenses to which he pleaded guilty, that the pleas were voluntarily entered, and that the guilty plea to count four was supported by a factual basis; namely, agents found weapons in close proximity to illegal drugs in defendant's house. See United States v. Acosta-Cazares, 878 F.2d 945, 951-53 (6th Cir.) (adopting the fortress analogy), cert. denied, 493 U.S. 899 (1989)
 Defendant also argues that he is entitled to a reduction in his sentence due to a subsequent amendment to the United States Sentencing Guidelines ("U.S.S.G."), which provides that the carrier medium for LSD should not be used to calculate weight for sentencing purposes. See Amendment 488 to U.S.S.G. Sec. 2D1.1 (effective November 1993). Although defendant asserts that he made this argument in his motion to set aside his sentence, the government correctly argues that defendant raises this claim for the first time on appeal. Defendant's motion to set aside his sentence states:
 
 
 [17]
 That under the changes being advocated to the Federal Sentencing Guidelines, the punishment rceived [sic] by the Defendant in this case would be reduced, or limited
 
 
 [18]
 That the Attorney General of the United States has examined the guidelines and disagrees both with the content as well as their application
 
 
 [19]
 That the Defendant was otherwise improperly sentencing [sic] at the time of his sentencing
 J.A. 58-59 (emphasis added). In the magistrate judge's report and recommendation, the magistrate judge did not address this portion of defendant's motion. While we note that the complete failure of the magistrate judge and the district court to address an issue raised by a defendant in a motion to set aside his sentence may be grounds for an exception to the Walters waiver rule, we find that such an exception is not warranted in this case because defendant's motion did not identify the amendment to which it referred, and thus, did not sufficiently raise this issue before the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993) (appellate court will not normally address an issue not raised for the first time in the district court). Therefore, defendant has failed to show why "in the interests of justice" the Walters rule should not apply. O'Neal, 3 F.3d at 145. However, in light of the fact that Amendment 488 has retroactive effect pursuant to U.S.S.G. Sec. 1B1.10(c), see United States v. Andress, 1995 WL 73353, * 1 (6th Cir.1995), defendant may file a motion in the district court to modify his sentence under 18 U.S.C. Sec. 3582(c).