**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 98-6992**

—————

ROY BENJAMIN SALLEY,

                              Plaintiff - Appellant,

        versus

TRAVIS AVANT, Sheriff of Colleton City Jail,

                              Defendant - Appellee.

—————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CA-97-1019-2-18AJ)

—————

Submitted:  September 30, 1998      Decided:  October 20, 1998

—————

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Roy Benjamin Salley, Appellant Pro Se.  Christy Scott Stephens,
BOGOSLOW & JONES, Walterboro, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roy Benjamin Salley appeals the district court's order dismissing his 42 U.S.C. § 1983 (1994) complaint. Salley's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that relief be denied and advised Salley that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Salley failed to object to the magistrate judge's recommendation.

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). See generally Thomas v. Arn, 474 U.S. 140 (1985). Salley has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2