Dyrene **POWELL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 02–3077.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

*ORDER*

This is an appeal from a judgment affirming the Commissioner's decision to deny an application for Supplemental Security Income under the Social Security Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that

designation.

oral argument is not needed. Fed. R.App. P. 34(a).

Claimant Dyrene Powell applied for SSI benefits in 1997 based on the continued disability of her child. The application was referred eventually to an administrative law judge ("ALJ") who concluded, after conducting an evidentiary hearing, that Powell was no longer entitled to benefits. This became the decision of the Commissioner when the Appeals Council denied review. Powell took a statutory review to the district court on the authority of 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation, having received no objections from Powell. This appeal followed.

On March 1, 1994, the Commissioner of Social Security found Dyrene Powell's minor child, Gary Chalk, to be disabled and granted Powell's application for child's supplemental security income. This determination continued in effect until the Commissioner notified Powell that her child was determined to be no longer disabled as of May 1, 1997. Powell contested this decision and the matter proceeded to an evidentiary hearing before an ALJ. Powell waived her right to representation, the ALJ accepted medical and law testimony, and concluded that Chalk was no longer disabled. The Appeals Council denied the request for review and Powell took her statutory appeal to the district court. The district court referred the matter to a magistrate who conducted a thorough review of the record and concluded that there were no grounds upon which to vacate the Commissioner's decision. The magistrate judge's report and recommendation was accompanied by a notification that objections had to be filed within ten days or the adversely affected party would waive further appellate review of the is-

sues contested. The district court's docket sheet reflects that a copy of this report was served on all parties. The district court subsequently adopted the report and recommendation, specifically noting that Powell had not filed any objections. Powell now brings the present appeal in which she takes issue with the district court's decision but she does not offer any explanation for her failure to file timely objections as advised.

This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Although a waiver may be excused under exceptional circumstances in the interest of justice, *Thomas,* 474 U.S. at 155 & n. 15, no exceptional circumstances have been cited in this appeal. The Commissioner's decision to terminate child supplemental security income benefits was supported by medical evidence as well as evidence that Chalk functioned as a normal child of limited attention span. There is no question concerning the service of the "ten day" objection deadline on Powell. In the absence of a formal motion to dismiss this appeal, the district court's judgment must be affirmed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.