**BRIDGEPORT MUSIC, INC.,
et al., Plaintiffs,**

v.

**UNIVERSAL MUSIC GROUP,
INC., et al., Defendant.**

No. 05 Civ 6430.

United States District Court,
S.D. New York.

Aug. 1, 2007.

---

Kenneth E. Gordon, James Michael Thayer, Gordon, Gordon & Schnapp, P.C., New York, NY, Richard Steven Busch, King & Ballow, Nashville, TN, for Plaintiffs.

Steven Alan Zalesin, Melissa Ann Mandrgoc, Patterson, Belknap, Webb & Tyler LLP, Stacey Marie Faraci, Pryor Cashman LLP, New York, NY, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

## I. BACKGROUND

Plaintiffs Bridgeport Music, Inc. and Southfield Music inc. (collectively, "Plaintiffs") brought this action pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., against defendants Universal Music Group, Inc., Napster, LLC, Apple Computer, Inc., and Yahoo!, Inc. (collectively "Defendants"), alleging copyright infringement and related causes of action. Plaintiffs assert that their claims arise from Defendants engaging in or permitting unauthorized digital reproduction and public distribution of Plaintiffs' copyrighted musical compositions. During the course of recent discovery, an issue arose as to whether the infringing activities Plaintiffs allege extended only to downloading of compositions or also included "streaming," which involves listening to but not making actual recordings of the music in question.

By Order dated June 4, 2007 (the "Order"), Magistrate Judge Kevin N. Fox, to whom this matter had been referred for supervision of pretrial proceedings, ruled that the complaint as drafted was sufficiently broad to encompass digital transmissions that included streaming, particularly when read in the context of discovery and communications between the parties during the course of the instant dispute. The Order directed Defendants to produce discovery pertaining to alleged infringement by means of streaming. Defendants filed timely objections to the Order challenging its findings and conclusion. For the reasons stated below, the Court adopts the Order in its entirety.

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. See Fed.R.Civ.P. 72(a); see also DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. *DISCUSSION*

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers and oral arguments presented in connection with this proceeding, as well as the Order and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the Order are not clearly erroneous. Accordingly, for substantially the reasons set forth in the Order the Court adopts the Order in its entirety.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Order of Magistrate Judge Kevin N. Fox dated June 4, 2007 (Docket No. 47) is adopted in its entirety, and the objections of defendants herein to the order are rejected; and it is further

**ORDERED** that defendants' motion (Docket No. 63) for reconsideration of the Court's Order dated July 25, 2007 is DENIED.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

FOX, United States Magistrate Judge.

In this copyright infringement action the defendants have objected to the plaintiffs' request for documents "reflecting the extent to which Plaintiffs' Compositions were available for streaming, and any and all reports that reflect which songs were streamed, the number of discrete streaming events, when such streaming events took place, and the revenues generated thereby." According to the defendants, neither the plaintiffs' complaint nor their amended complaint "alleges infringement by streaming." Consequently, the defendants contend the plaintiffs are not entitled to documents pertinent to "streaming."

For their part, the plaintiffs maintain their pleadings were drafted broadly to encompass conduct by the defendants including direct downloads and streaming of recordings embodying the plaintiffs' copyrighted compositions. The plaintiffs explained that they purposefully used comprehensive phrases in their pleadings, such as "public distribution" and/or "public display" in referring to sound recordings they have accused the defendants of distributing via their website and through other means, to signal that the subject matter of the action is the defendants' alleged infringement of the plaintiffs' copyrighted works through all manner of digital transmissions.

Fed.R.Civ.P. 26(b)(1), in pertinent part, provides the following:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action, Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In the instant case, the Court finds that "streaming," the live transmission or distribution of digital information, is within the ambit of the plaintiffs' amended complaint and, consequently, is within the subject matter of this action. Therefore, the plaintiffs' request for documents pertinent to "streaming" is permitted by Fed.R.Civ.P. 26(b)(1). As a result, the defendants' objection to disclosing such documents to the plaintiffs is overruled.

SO ORDERED.