**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7398**

JAMES C. WHALEY,

Petitioner - Appellant,

v.

WARDEN TYGER RIVER CORRECTIONAL INSTITUTION,

Respondent - Appellee,

and

SOUTH CAROLINA,

Respondent.

Appeal from the United States District Court for the District of South Carolina, at Florence. Henry M. Herlong, Jr., Senior District Judge.  (4:20-cv-04366-HMH)

Submitted:  February 17, 2022                    Decided:  February 23, 2022

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

James C. Whaley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James C. Whaley seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Whaley that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Whaley received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review because the objections were not specific to the particularized legal recommendations made by the magistrate judge. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).[*] Accordingly, we deny a certificate of appealability, deny Whaley's motion for discovery, and dismiss the appeal.

---

[*] To the extent Whaley asserts on appeal that he is actually innocent of his underlying criminal offenses, a claim he preserved below, we conclude that he fails to make the requisite showing. *See Mahdi v. Stirling*, 20 F.4th 846, 893 n.32 (4th Cir. 2021) (noting

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

that showing of actual innocence requires demonstrating "factual innocence, not mere legal insufficiency" (internal quotation marks omitted)).