953 F.2d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward N. CARLTON, Plaintiff-Appellant,
v.
Robert LAFOREST, Defendant-Appellee.
 No. 91-2025.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1992.
 
 Before RALPH B. GUY, Jr., ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Edward N. Carlton, a pro se Michigan prisoner, appeals from a district court order granting summary judgment in favor of defendant in this prisoner civil rights action filed under 42 U.S.C. § 1983. Additionally, Carlton requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking solely monetary damages, Carlton filed his complaint against the defendant, a corrections officer at the Marquette Branch Prison (MBP). Carlton alleged that because defendant had interfered with Carlton's legal mail in the past, Carlton attempted to have another inmate, prisoner Thompson, mail his legal papers for him. There was some question by the MBP mailroom personnel regarding who was sending mail under Thompson's name. The defendant, thereafter, took the mail to Thompson, who refused to open it. Defendant opened the mail and found four envelopes containing legal papers belonging to Carlton. Carlton subsequently received a misconduct ticket for attempting to use another prisoner's postage allowance. Thereafter, Carlton's legal papers were returned to him. Carlton maintained that the defendant's actions interfered with Carlton's access to the courts. He sued the defendant in his individual and official capacities.
 
 
 3
 The matter was referred to a magistrate judge who issued a report recommending that the defendant's motion for summary judgment be granted. The report and recommendation contained the warning that failure to object within ten days of receipt of the report and recommendation would constitute a waiver of the right to appeal. The district court, upon noting that Carlton failed to file objections to the report and recommendation within the time period required by law, adopted the report and recommendation in an order dated July 25, 1991, and granted defendant's motion for summary judgment.
 
 
 4
 Upon review, we affirm the order of the district court. Although the failure of Carlton to file objections to the report and recommendation of the magistrate judge does not affect this court's subject matter jurisdiction, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), the failure to object after being specifically advised to do so constitutes a waiver of the right to appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir.1987). The record reflects that Carlton failed to file any pleadings within the prescribed time frame which objected to the magistrate judge's report and recommendation. Consequently, Carlton has waived his right to appellate review by this court. Moreover, the record does not disclose such exceptional circumstances in this case as to warrant dispensing with the objection requirement. Cf. Kent, 821 F.2d at 1222-23.
 
 
 5
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.