959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony HAMRICK, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 91-3979.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Tony Hamrick, an Ohio prisoner, moves this court to extend the appointment of Paul Mancino, Jr. as counsel to represent him in this appeal from the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On February 6, 1986, a Cuyahoga County, Ohio, jury convicted Hamrick of one count of felonious assault for which he is currently serving a sentence of three to fifteen years with three years actual incarceration. He appealed his conviction on February 26, 1987, and on September 2, 1987, the Ohio Supreme Court denied Hamrick's motion for leave to appeal thereto.
 
 
 4
 Thereafter, on December 15, 1987, Hamrick filed a petition for a writ of habeas corpus, alleging: 1) that the trial court's ruling permitting the use, for impeachment purposes only, of the victim's May 13, 1985, written statement, which was inconsistent with his trial testimony, violated his Sixth Amendment right to confront his accusers; 2) that he was denied a fair trial when the trial court refused to admit, as substantive evidence, the victim's January 31, 1986, written statement; 3) that he was denied a fair trial when the trial court refused to permit his counsel to argue in closing argument that Cheryl Pacheco had told petitioner that the victim had robbed petitioner's apartment; 4) that he was denied a fair trial as a consequence of impermissible statements of the prosecuting attorney in closing arguments; 5) that the trial court's instructions to the jury resulted in a denial of due process; 6) that his conviction was not supported by sufficient evidence; and 7) that his conviction was obtained in violation of the double jeopardy clause of the Fifth Amendment, based upon the inconsistent jury verdicts on felonious assault and the firearm specification.
 
 
 5
 Noting that Hamrick had not specifically objected to any portion of the magistrate's report and recommendation, the district court adopted the report and dismissed Hamrick's petition as lacking merit. This appeal followed.
 
 
 6
 Upon review, we conclude that Hamrick has waived his right to appellate review by this court of all his claims, with one exception. This court requires litigants to file timely objections to magistrates' reports and recommendations under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). The objection requirement is not jurisdictional and may be excused, however, in particular cases in the interest of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Where a magistrate prepares a report and recommendation, only the issues to which objections are filed are reviewable upon adoption of the report and right to appeal is waived as to unopposed issues. Smith, 829 F.2d at 1373.
 
 
 7
 This court notes that Hamrick's objections were copied, with one exception, from the traverse which was before the magistrate when he made his report and recommendation. Other than the submission of a new case regarding the issue of allowing the prosecution witness to read his statement to the jury, Hamrick did not specifically object to any portion of the magistrate's report. No new arguments are presented. Because Hamrick failed to effectively raise any specific objections to most of the magistrate's report and recommendation, he waived his right to appellate review by this court as to all of the issues presented below, save one. Furthermore, this appeal does not present exceptional circumstances that warrant ignoring the objections requirement. Hamrick was not denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 8
 Accordingly, the motion for counsel is denied, the motion for an extension of time to file the joint appendix is denied as moot, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation