968 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Garcia Jay WRIGHT, Petitioner-Appellant,
v.
WARDEN, Maryland Penitentiary; State of Maryland,
Respondents-Appellees.
 No. 91-6114.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 29, 1992
Decided: July 20, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-87-2777-JHM)
 Garcia Jay Wright, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Ann Elizabeth Singleton, Assistant Attorney General, Valerie Johnston Smith, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Garcia Jay Wright appeals the district court's orders dismissing this action brought under 28 U.S.C. § 2254 (1988). Petitioner's case was referred to a magistrate judge pursuant to 28 U.S.C.s 636(b)(1)(B) (1988). The magistrate judge recommended dismissal for procedural default because Wright's application for leave to appeal the denial of his post-conviction relief petition was dismissed by the Maryland Court of Special Appeals for failure to comply with Md. R. 1093(a)(2).[1] We find that the district court properly dismissed Wright's procedurally defaulted claims.[2] Absent a showing of cause and prejudice, or a showing of actual innocence, federal habeas corpus review is barred where a petitioner fails to satisfy state procedural requirements. Harris v. Reed, 489 U.S. 255 (1989). Here, Wright was not prejudiced by the procedural default because his claims were without merit.
 
 
 2
 Because not all of Wright's claims were procedurally barred, the district court ordered the magistrate judge to consider the remaining claims on the merits. The magistrate judge recommended that relief be denied and advised Wright that the failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Wright failed to object to the magistrate judge's recommendation.
 
 
 3
 The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); see generally Thomas v. Arn, 474 U.S. 140 (1985). Wright has waived appellate review of the claims that were not procedurally barred by failing to file objections after receiving proper notice.
 
 
 4
 We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Rule 1093(a)(2) was a procedural rule requiring an application for leave to appeal to the Maryland Court of Special Appeals to include a statement of the reasons why the judgment should be reversed or modified. It has been superseded by Md. R. 8-204(b)(2)
 
 
 [2]
 Some of the claims were procedurally barred due to Wright's failure to comply with Rule 1093(a)(2) when he asserted them in his state collateral attack on his conviction. Others, raised in Wright's direct appeal, were procedurally barred because of Wright's failure to raise objections concerning those issues at trial. Md. R. 757(f) & (h) (superseded by Md. R. 4-325(e)); Md. R. 1085 (superseded by Md. R. 8-131(a))