972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clint KELLEY; John Bowen, II, Plaintiffs-Appellants,
John Phillip FRYE, Plaintiff-Appellee,
v.
ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA, Defendant-Appellee,
and
Bruce CROCKETT; Frank Bower, Defendants.
 No. 92-1048.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: August 7, 1992
 
 Clint Kelley, John Bowen, II, Appellants Pro Se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, North Carolina, for Appellee.
 Before WILKINSON, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clint Kelley and John Bowen, II, appeal the district court's order dismissing these two consolidated civil actions. The actions were referred to a magistrate judge pursuant to 28 U.S.C.s 636(b)(1) (1988). The magistrate judge recommended that relief be denied and advised Plaintiffs that the failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Plaintiffs failed to object to the magistrate judge's recommendation.
 
 
 2
 The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation where the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140 (1985). Plaintiff has waived appellate review by failing to file objections after receiving proper notice.
 
 
 3
 The district court adopted the magistrate judge's recommendation to impose Fed. R. Civ. P. 11 sanctions on Kelley and Bowen. Because the magistrate judge did not recommend the amount of the sanction, the district court's decision to impose a $1000 joint and several sanction is reviewable.
 
 
 4
 A district court should consider four factors in determining an appropriate Rule 11 sanction: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3702 (U.S. 1991). The district court utilized this test and did not exceed its discretion in imposing a joint and several $1000 sanction on Kelley and Bowen.
 
 
 5
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED