53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alfred C. BRYANT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2172.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Alfred Bryant appeals from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1990, Alfred Bryant pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841; income tax evasion, in violation of 26 U.S.C. Sec. 7201; and, being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 1202(a). The court sentenced Bryant to an aggregate 10 year term of imprisonment. The conviction was affirmed on direct appeal. United States v. Bryant, Nos. 90-1831/36, 1991 WL 256555 (6th Cir. Dec. 2, 1991).
 
 
 4
 In 1993, Bryant filed a Sec. 2255 motion to vacate sentence in which he challenged his conviction on various constitutional grounds. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court subsequently adopted the recommendation and this appeal followed. The district court thereafter revoked Bryant's pauper status.
 
 
 5
 Bryant has filed an appellate brief without benefit of counsel. Bryant has included a request for pauper status in his brief. The government has filed a motion to dismiss the appeal on substantive and procedural grounds. This pleading is the practical equivalent of an appellate brief and will be construed as such.
 
 
 6
 Bryant challenged the constitutionality of his conviction for the denial of due process, ineffective assistance of trial and appellate counsel and a violation of his right against self-incrimination. The magistrate judge noted that Bryant's guilty plea severely limited his collateral challenge, analyzed the cognizable claims and concluded that the motion lacked merit. The report and recommendation contains an admonition that failure to file objections within ten days precludes further review of the decision. The report carries a certificate of mailing that was dated (August 23, 1994) and signed by a deputy clerk.
 
 
 7
 The docket sheet does not show that Bryant ever responded to the adverse report and recommendation. The district court ultimately adopted the report and recommendation by order of September 21, 1994, expressly noting that neither party filed objections as advised. Bryant did not file any post judgment motions in the district court to explain or contest his failure to object and Bryant's pro se brief on appeal does not contain any such explanation.
 
 
 8
 Bryant's unexplained failure to file objections to the adverse magistrate's report and recommendation acted as a waiver of further appellate review of this cause. Thomas v. Arn, 474 U.S. 140, 155 (1985). Bryant's appeal does not fit within the narrow "interests of justice" exception to this rule set forth in Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987); no extenuating circumstances are argued or apparent and the motion appears meritless. The alleged examples of trial error and attorney ineffectiveness are largely not cognizable, conclusory or irrelevant. The appeal lacks merit.
 
 
 9
 Accordingly, the motion to dismiss is denied, the motion for pauper status is granted for purposes of this appeal and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation