73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Fred WHEATT, Plaintiff-Appellant,
v.
CUYAHOGA COMMUNITY COLLEGE, Defendant-Appellee.
 No. 94-3907.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, Fred Wheatt, appeals the dismissal of his complaint resulting from the district court's grant of the defendant's motion for summary judgment in this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e). For the reasons stated herein we affirm.
 
 
 2
 Wheatt was employed by Cuyahoga Community College ("CCC"), from 1975 until he was terminated in August 1992. Beginning in 1981, he worked with Project Talent Search to counsel and recruit potential students. His immediate supervisor was Renee Armstead, a woman.
 
 
 3
 In 1988 the relationship between Armstead and Wheatt began to deteriorate. In 1990 Armstead allegedly shoved Wheatt when he attempted to walk out of his office while she was reprimanding him for missing a meeting. He initiated civil and criminal charges against her which were dismissed.
 
 
 4
 In January 1991 Wheatt filed the first of a series of EEOC charges. In this first charge, Wheatt alleged he was the victim of sexual harassment and sexual discrimination on the job. After Wheatt was reassigned to work under another supervisor, he filed another EEOC charge claiming retaliation for having filed the first EEOC charge.
 
 
 5
 While under the new supervisor, Wheatt was placed on probation for failing to meet minimum performance standards and was given an opportunity to improve. He was reviewed periodically over the next one and a half years. It was determined that he was not performing satisfactorily. Wheatt was discharged in August 1992.
 
 
 6
 He then filed a third EEOC charge alleging retaliatory discharge.
 
 
 7
 Notice of Right To Sue letters were issued with respect to each of the charges. Wheatt filed a total of three actions in the United States District Court for the Northern District of Ohio, those being Case Nos. 91-CV-1080; 92-CV-927; and 92-CV-2632. The three actions were consolidated into Case No. 92-CV-2632.
 
 
 8
 CCC moved for summary judgment on all claims on February 3, 1994.
 
 
 9
 On February 25, 1994 Wheatt moved for an extension of time until March 21, 1994 to file a response to the motion. The motion was granted.
 
 
 10
 Eight days after the period of extension had expired, Wheatt moved again for an extension of time. He requested that he be allowed to delay filing a response until April 21, 1994.
 
 
 11
 The magistrate judge issued a report and recommendation on June 28, 1994. He noted that as of the date of the filing of the report, Wheatt had not filed a response to the motion. The magistrate judge recommended that CCC's motion for summary judgment be granted in all respects.
 
 
 12
 Wheatt filed an objection to the report and recommendation on July 15, 1994. He did not object to the recommendation concerning Case Nos. 91-CV-1080 and 92-CV-927. Rather he objected solely to the magistrate judge's conclusion that CCC was entitled to summary judgment on his claim of retaliatory discharge.[1]
 
 
 13
 With his objections to the report and recommendation, Wheatt included an unsworn, unsigned affidavit and a summary of the May 1994 file of a co-worker, Carlos Munoz. Wheatt argued that the affidavit and summary provided evidence that CCC's proffered reason for discharge was a pretext for retaliation.
 
 
 14
 Upon de novo review of the report and recommendation, the district court rejected Wheatt's attempt to supplement the record by including the unsigned and unsworn affidavit and records summary. Finding no evidence in the record to support Wheatt's claim, the district court granted CCC's motion for summary judgment.
 
 
 15
 A final judgment in CCC's favor was entered July 27, 1994.
 
 
 16
 Wheatt timely appealed.
 
 
 17
 On appeal Wheatt argues that the affidavit was properly before the court, that there is a genuine issue of material fact concerning his claim of retaliatory discharge and that, therefore, summary judgment was improperly granted.
 
 
 18
 We have reviewed the record and Wheatt's claims on appeal and conclude that CCC is entitled to summary judgment.
 
 
 19
 We reject Wheatt's claim that the affidavit and summary are properly before the court. 28 U.S.C. Sec. 636(b) grants the district court discretion to receive further evidence upon de novo review of objected to portions of a report and recommendation. Here the district court specifically declined to consider the proffered evidence.
 
 
 20
 We find no abuse of discretion in the district court's decision to reject Wheatt's affidavit and summary. Wheatt asked for and received two lengthy extensions of time in which to file a response. Several months elapsed after the last period of extension expired and Wheatt did not move again for an extension. He ultimately failed to file a response, timely or otherwise, to the motion for summary judgment. Further, the affidavit was unsigned and unsworn. Finally, we note that the records summary does not serve to establish evidence of a retaliatory motive.[2]
 
 
 21
 The magistrate judge and the district court assumed for purposes of the motion that Wheatt had established a prima facie case of retaliatory discharge. We make the same assumption here for purposes of the appeal. CCC proffered a legitimate, nondiscriminatory reason for discharging Wheatt. There is no record of evidence to support Wheatt's claim that the proffered reason was a pretext for retaliation.
 
 
 22
 The district court's judgment is AFFIRMED.
 
 
 
 *
 Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 By failing to object to the magistrate judge's report and recommendation concerning the remaining claims, Wheatt has waived his right to appeal the dismissal of those issues. See Thomas v. Arn, 474 U.S. 140 (1985)
 
 
 [2]
 Actually, the summary indicated that Munoz's files were virtually complete with respect to the required information. Further, the summary represented only one month's worth of work. Wheatt's performance was evaluated over a period of one and one-half years