UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSE GHEE,
<u>Plaintiff-Appellant,</u>

v.

THE AMERICAN RED CROSS; NORRELL
EMPLOYMENT AGENCY,
<u>Defendants-Appellees.</u>

No. 99-1703

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-98-914-A)

Submitted: August 17, 1999

Decided: September 3, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Rose Ghee, Appellant Pro Se. Constantinos George Panagopoulos,
BALLARD, SPAHR, ANDREWS & INGERSOLL, Washington,
D.C.; Jefferson B. Blandford, FORD & HARRISON, Atlanta, Geor-
gia; William L. Stauffer, Jr., STAUFFER, MANNIX, ROMMEL,
DECKER & DULANEY, L.L.C., McLean, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rose Ghee appeals the orders of the district court denying relief on her age and race discrimination claims against the American Red Cross (ARC) and Norrell Employment Agency (Norrell). On November 4, 1998, the district court entered an order adopting the report and recommendation of the magistrate judge and dismissing without prejudice Ghee's claims against Norrell based upon Ghee's failure to serve the defendant "within the time period permitted by Fed. R. Civ. P. 6." On April 27, 1999, the court granted ARC's motion to enforce a settlement agreement between ARC and Ghee and to dismiss the case. Ghee filed a notice of appeal on May 14, 1999. Norrell has moved to dismiss the appeal as untimely. Ghee has filed a motion for "full relief" and to hold Norrell and ARC in contempt.

Because the district court properly granted ARC's motion to enforce the settlement agreement between Ghee and ARC and to dismiss the case as to ARC, we affirm as to that order. See Ghee v. American Red Cross, No. CA-98-914-A (E.D. Va. April 27, 1999).

However, we vacate the court's order dismissing Norrell as a defendant based upon Ghee's failure to timely serve Norrell with process. Federal Rule of Civil Procedure 4(m) provides that a court shall dismiss an action without prejudice if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. According to the district court's docket, Ghee's complaint was filed on June 29, 1998 and entered on the docket on July 1, 1998. Norrell was served on October 21, 1998. Consequently, service was effected 114 days after the filing of the complaint, within the 120 day time period provided by Fed. R. Civ. 4(m).

Ghee failed to file objections to the recommendation of the magistrate judge that Ghee's case as to Norrell should be dismissed based

2

upon untimely service. The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). However, the record establishes that at the time the recommendation was mailed, the district court had on file an incorrect address for Ghee. Ghee has stated in her unsworn informal brief filed in this court that the recommendation was mailed to an incorrect address and that she did not receive it. Ghee does not allege, however, how or when she discovered that the recommendation was mailed to an incorrect address. Consequently, the record does not contain sufficient evidence for this Court to determine whether Ghee waived the untimely service issue. Therefore, we remand the case as to Norrell with instructions for the court to determine whether Ghee waived the issue of untimely service, and if the issue was not waived, for a finding that service on Norrell was timely.

We deny Norrell's motion to dismiss the appeal as untimely. Ghee's notice of appeal was timely because it was filed within thirty days of the court's April 27, 1999 final order. See Catlin v. United States, 324 U.S. 229, 233 (1945). We deny Ghee's motion for "full relief" and for Norrell and ARC to be held in contempt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

3