Leslye KNOX, individually, as personal representative of the Estate of Aharon Ellis and as natural guardian of plaintiffs Jordan Terrell Ellis, Reuven Carter, Shanon Carter, Shayrah Carter, Yoshavyah Carter and Amitai Carter, Jordan Terrell Ellis, minor, Reuven Carter, minor, Shanon Carter, minor, Shayrah Carter, minor, Amitai Carter, minor, by their next friend and guardian Leslye Knox, Prince Shaleak, Mellonee Ellis, Francine Ellis, Lynne Ellis, Yihonadav Ellis, Tsaphrirah Ellis and Aron Carter, Plaintiffs,

v.

The PALESTINE LIBERATION OR-GANIZATION, The Palestinian Authority (aka "The Palestinian Interim Self–Government Authority" and/or "The Palestinian Council" and/or "The Palestinian National Authority"), Yasser Arafat, Marwan Barghouti, Nasser Awis, Ziad Muhammad Daas, Estate of Abdel Salam Sadek Hassuna, deceased and John Does 1–99, Defendants.

No. 03 Civ. 4466.

United States District Court, S.D. New York.

June 17, 2009.

David J. Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, Robert Joseph Tolchin, Robert J. Tolchin, Esq., New York, NY, for Plaintiffs.

Mark John Rochon, Richard A. Hibey, Timothy P. O'Toole, Miller & Chevalier, Chtd., Washington, DC, Ramsey Clark, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiffs, the representative and survivors and heirs of the Estate of Aharon Ellis ("Ellis") (collectively, "Plaintiffs") brought this action alleging claims pursuant to the Antiterrorism Act of 1990, 18 U.S.C. §§ 2331–2339, and related common law causes of action. The complaint arises from the murder of Ellis during a terrorist attack in Israel in January 2002 allegedly sponsored and/or financed by defendants Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") (collectively, "Defendants"). Defendants failed to answer the complaint and a judgment by default was entered against them on August 1, 2006 in a total amount of $192,740,660.13, following an inquest conducted by Magistrate Judge Theodore Katz. Upon motion by Defendants to vacate the default judgment, the Court granted such relief conditioned upon Defendants posting a bond or other adequate security covering the full amount of the judgment. Defendants then moved to reduce the amount of the bond required. The Court referred that request to Magistrate Judge Katz.

By Order dated March 26, 2009, 2009 WL 1591404, Magistrate Judge Katz issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, recommending that Defendants be required to post a bond in an amount of $20 million immediately with an additional $5 million deposited monthly up to a maximum of $120 million total security. Defendants filed timely objections to the Report challenging its findings and conclusions. Plaintiffs also filed an objection to the reduction of the amount of the security set by the Court. For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

### II. STANDARD OF REVIEW

As a preliminary matter, the Court notes that while Magistrate Judge Katz labeled the Report as a Report and Recommendation and made reference to Fed. R.Civ.P. 72(b), in the portion giving notice of the deadline for filing objections, the Court finds that the underlying motion to reduce the bond does not involve a dispositive matter. A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

Defendants make three objections. First, they argue that the Report misapplied the controlling standards concerning the imposition of a bond securing the vacatur of a default judgment and made erroneous factual assumptions about Defendants' ability to pay a bond in an amount of $120 million. In particular, Defendants contend that the PA's revenues from certain Transfer tax payments and foreign aid are not sufficiently dependable sources of funding for the PA's operations, and that the Report underestimates the hardship that a bond condition of $120 million would impose on the Palestinian people. Second, Defendants assert that the $120 million

bond condition is impossible for the PA to satisfy under its current dire financial circumstances. Finally, they argue that a reduction of the bond condition to $15 million and vacating the default judgment would be reasonable and within Defendants' ability to pay.

Plaintiffs in turn object to the Report's recommendation to reduce the bond from the total amount of the default judgment to $120 million. Plaintiffs point out that the Report notes that Plaintiffs' need for security is as great now as when this Court imposed the condition and that Defendants have the ability to pay the security in monthly installment from the transfer tax payments. Plaintiffs assert that no justification exists under these circumstances to reduce the security, or to set the monthly installments at $5 million, especially in light of Defendants' alleged concealment of information regarding their ability to post the security. Finally, Plaintiffs contend that the Report is clearly erroneous because the PA and PLO possess land and other assets that Magistrate Judge Katz did not adequately consider. Plaintiffs object to any reference in the Report to their proposal that any installment condition require that in the event Defendants miss any installment, the default be reinstated and that all payments be made into the Registry of the Court.

## III. *DISCUSSION*

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying motion and in this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous, or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the Report the Court adopts the Report's recommendations in their entirety.

The Court is not persuaded that the Report misapplies governing Second Circuit case law. *See Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 515 (2d Cir.2001); *First Fidelity Bank, N.A. v. Antigua,* 877 F.2d 189, 196 (2d Cir.1989). Insofar as the Report recommends a substantial reduction of the bond from the original judgment of $192 million to $120 million, with $100 million of that amount payable in monthly installments, the proposal does reflect reasonable recognition of the Defendants' current financial condition.

At the time the Court imposed the bond condition to cover the full amount of the judgment, it did so in the context of defendants who had not only willfully defaulted in this action but had pursued litigation tactics that in the Court's view raised legitimate concerns about whether their representations regarding their intention to litigate the claims at issue were made in good faith. *See Knox v. The Palestine Liberation Org.,* 248 F.R.D. 420, 432 (S.D.N.Y. 2008). The Court also did not have the benefit of the extensive factual record that was since developed in the proceedings before Magistrate Katz evaluating the extent Defendants' assets and their ability to satisfy the bond condition.

The parties' respective objections to the Report attest that they remain sharply at odds over these issues. In particular, substantial disputed questions exist as to the value of the PA's and PLO's assets, the PA's ownership of land and ability to sell property to satisfy the bond condition, the current financial condition of the PA, potential effects of the bond condition on the Palestinian people, and whether Defendants concealed relevant information during discovery. Given the vast complexities and sensitiveness of the underlying finan-

cial and related social issues, and the intractable gaps over the fundamental questions in this proceeding that still divide the parties, a finding characterizing as "clearly erroneous" a judicious effort to bridge some of those differences would be particularly unwarranted under these circumstances. In fact, the Report recommends a sound, reasonable approach that fully considers and fairly balances the pertinent equities of both sides consistent with supportable findings of fact and within the bounds of applicable law. Because the Court views the Report's overall recommendations as reasonable, it rejects Plaintiffs' objections to the reduction of the bond or to the amount of the proposed monthly deposits. The Court agrees with Plaintiffs' contentions regarding the need to provide safeguards in the event Defendants fail to make any installment, and to direct payment of all security funds into the Registry of the Court.

## IV. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Theodore Katz dated March 26, 2009 (Docket No. 195) is adopted in its entirety, and the objections (Docket No. 198) of defendants Palestine Liberation Organization and Palestinian Authority (collectively "Defendants") are DENIED and the objections (Docket No. 199) of plaintiffs are GRANTED in part and DENIED in part; and it is further

**ORDERED** that the motion (Docket No. 127) of Defendants to reduce the amount of the bond required by the Court's Decision and Order dated March 27, 2006 as a condition of vacating the default judgment entered in this matter on August 1, 2006 (the "Judgment") is GRANTED in part, provided that Defendants meet the following conditions: post a bond or other form of adequate security to be deposited in the Registry of the Court in a total amount of $120,000,000, of which a minimum of $20,000,000 shall be deposited within 60 days of the date of this Order, and the balance may be deposited in monthly installments in amounts not less than $5,000,000; and it is further

**ORDERED** that in the event Defendants fail to make the initial deposit, or any monthly installment, within ten days of the date due, this Order shall be vacated and the condition of security in the full amount of the Judgment shall be restored as prescribed in the Court's March 27, 2006 Order; and it is further

**ORDERED** that the parties are directed to confer and, under the supervision of Magistrate Judge Theodore Katz, submit for his approval within thirty days of this Order a stipulated Case Management Plan and Scheduling Order that sets a date for trial on the merits of this action to commence not later than nine months from the date of this Order.

**SO ORDERED.**