BARKETT, Circuit Judge,
dissenting:
En banc review is warranted in this case because district courts do not have the power, inherent or otherwise, to directly contravene a federal statute. The panel decision, holding that the district court could deny attorneys’ fees mandated by the Fair Labor Standards Act (“FLSA”), is contrary to settled United States Supreme Court precedent providing that the use of a district court’s inherent supervisory powers is invalid when it conflicts with a statutory command. See, e.g. Bank of Nova Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); Thomas v. Arn, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). As Judge Wilson notes in his dissent, there is no dispute that the language of the statute is mandatory, see 29 U.S.C. § 216(b) (“The court in such action shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.”), and has been previously so construed by our court. Dale v. Comcast Corp., 498 F.3d 1216, 1223 n. 12 (11th Cir.2007).
The panel characterizes the denial of attorneys’ fees as an informal sanction of Sahyers’ lawyer for suing fellow lawyers without first attempting to resolve the dispute through informal means. In his concurrence to the denial of rehearing, Judge Edmondson stresses that the district court based its decision on local litigation customs and practices, but the district court opinion references no such customs or practices. The district court simply says that, in its view, it is “reasonable” to call another lawyer prior to filing suit. That is not enough to give notice to Sahyers’ attorney. District courts do not have the authority to sanction lawyers for conduct not proscribed by law or rule — which is the case here — without first providing them with notice that their conduct may warrant sanctions. Fed.R.Civ.P. 83(b) (“No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.”). Because Sahyers’ attorney was given no actual notice, the district court had no authority to sanction him for failing to contact the defendants or their lawyers before filing suit. See In re Mroz, 65 F.3d 1567, 1575 (11th Cir.1995) (“Due process *892 requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why.” (citation omitted)). Accordingly, there is no authority for disregarding the mandatory language of FLSA on this basis.
The panel’s only supporting authority for its contention that a court may deny an award of litigation expenses to which a client is otherwise entitled by law is Litton Sys., Inc. v. Am. Tel. & Tel. Co., 700 F.2d 785 (2d Cir.1983). However, that decision does not permit a district court to simply disregard the express language of a statute that mandates attorneys’ fees and costs. Rather, it affirms a sanction imposed under Federal Rule of Civil Procedure 37 for “gross negligence” and “willful misconduct” by the plaintiffs lawyers. Id. at 826-28. The failure to notify an opposing lawyer prior to suit in the absence of any known requirement to do so can hardly qualify as negligence or willful misconduct.
Because the panel opinion disregards the express mandate of Congress, this case warrants en banc review.