**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1042**

JESSE ARTHUR BISHOP,

            Plaintiff – Appellant,

      v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:13-cv-00094-REP)

Submitted:  August 14, 2014          Decided:  September 3, 2014

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles H. Cuthbert, Jr., Richard M. Cuthbert, CUTHBERT LAW OFFICES, Petersburg, Virginia, for Appellant.  Nora Koch, Acting Regional Chief Counsel, Charles Kawas, Acting Supervisory Attorney, Elizabeth A. Corritore, Assistant Regional Counsel, Philadelphia, Pennsylvania; Dana J. Boente, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Arthur Bishop appeals from the district court's order adopting the report and recommendation of the magistrate judge and granting summary judgment to the Commissioner in Bishop's suit seeking disability benefits under the Social Security Act. After reviewing the briefs and the record on appeal, we conclude that there was no reversible error in the district court's decision. Thus, we affirm substantially on the reasoning of the magistrate judge, which was adopted by the district court. Bishop v. Commissioner, No. 3:13-cv-00094-REP (E.D. Va. Dec. 30, 2013).

In addition, we address certain aspects of Bishop's claims in further detail. Bishop argues that the Administrative Law Judge ("ALJ") erred in rejecting Bishop's treating physician's opinion. According to Bishop, the ALJ's reasoning, namely, that the doctor's opinion was not supported by Bishop's test results and medical record, should only have resulted in giving the opinion less than controlling weight. Bishop avers that his treating physician's opinion was still entitled to some weight, especially because the ALJ did not conduct the appropriate analysis.

In evaluating medical opinions, an ALJ should examine "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant,

2

(3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). An ALJ, however, "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).

Here, the ALJ noted that the treating physician's opinion appeared to mirror Bishop's subjective statements of his limitations, yet the opinion was inconsistent with the mild to moderate diagnostic findings, the conservative nature of Bishop's treatment, and the generally normal findings during physical examinations. On the basis of this reasoning, the ALJ afforded no weight to the doctor's "opinion and speculation." While the ALJ did not explicitly analyze each of the Johnson factors on the record, the ALJ was clear that he concluded that the doctor's opinion was not consistent with the record or supported by the medical evidence, which are appropriate reasons under Johnson. Thus, given the specific and legitimate reasons provided, the ALJ was permitted to reject the treating physician's opinion in its entirety. See Holohan v. Massanari, 246 F.3d 1195, 1202-03 n.2 (9th Cir. 2001) (noting that a treating physician's opinion may be rejected on the basis of the relevant factors); see also Craig v. Chater, 76 F.3d 585, 589-90

(4th Cir. 1996) (upholding rejection of treating physician's opinion where ALJ opined that doctor's opinion was based on "claimant's subjective symptoms," not supported by "clinical findings or laboratory test results," and contradicted by physician's office notes).

Next, Bishop avers that the magistrate judge's reliance on certain evidence supporting the conclusion that the treating physician's opinion was not consistent with Bishop's medical tests, physical examinations, and response to treatment was improper, as the ALJ's decision did not cite to this evidence in support of its determination. Bishop relies on SEC v. Chenery Corp., 318 U.S. 80, 87 (1943), for the proposition that a reviewing court may not affirm an agency decision based on reasoning that the agency itself never considered in its administrative proceedings. However, even assuming Chenery is applicable, any error is reviewed under the harmless error doctrine. Thus, if the decision "is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." See Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). Here, we find no reversible error in the ALJ's assessment of the treating physician's opinion.

Next, Bishop contends that the ALJ improperly considered his credibility. Bishop relies heavily on

4

Bjornson v. Astrue, 671 F.3d 640 (7th Cir. 2012). In that case, the Seventh Circuit ruled that the ALJ had failed to connect the medical evidence and the conclusion that the claimant was able to work full time in a sedentary occupation. The court rejected the ALJ's determination that Bjornson lacked credibility as "opaque boilerplate" and a "template." The court also found it "backwards" to consider the residual functional capacity prior to the credibility determination. Id. at 645-46.

We find that the ALJ's determination that Bishop's subjective complaints were not credible was supported by substantial evidence. Here, while the ALJ's language was similar to that in Bjornson, the ALJ cited specific contradictory testimony and evidence in analyzing Bishop's credibility and averred that the entire record had been reviewed. Given that this case is not one of exceptional circumstances, see Edelco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997), we uphold the ALJ's credibility determination.

Finally, we note that Bishop raises certain arguments on appeal that were not raised in his objections to the magistrate judge's report and recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of the recommendation when the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d

5

841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140, 155 (1985). Because Bishop failed to file objections regarding these additional claims, he has waived his right to appellate review of the claims.

For the foregoing reasons, as supported by the record before us, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED