**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7057**

BRIAN E. HANCOCK,

　　　　　Plaintiff - Appellant,

　　v.

LARRY BROWN, Chief of Police; CAPTAIN BOBBY MELTON,

　　　　　Defendants - Appellees,

　　and

PAGELAND POLICE DEPARTMENT, Pageland, South Carolina; UNNAMED
MAGISTRATE JUDGE,

　　　　　Defendants.

Appeal from the United States District Court for the District of South Carolina, at
Florence.  Bruce H. Hendricks, District Judge.  (4:16-cv-00427-BHH)

Submitted:  December 15, 2017　　　　　　　　Decided:  January 5, 2018

Before GREGORY, Chief Judge, and AGEE and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Brian E. Hancock, Appellant Pro Se. Steven R. Spreeuwers, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian E. Hancock appeals the district court's order adopting the magistrate judge's report and recommendation and granting summary judgment to Larry Brown and Bobby Melton on his malicious prosecution claims. In his notice of appeal, Hancock contended that he did not receive timely notice of the magistrate judge's report and requested that the district court extend the time for him to file his objections to the report. The district court transmitted the record to this court and has not acted on Hancock's request. Brown and Melton have moved to dismiss this appeal for lack of jurisdiction in light of Hancock's failure to file objections to the magistrate judge's report.

The timely filing of specific objections is necessary to preserve appellate review of a district court's order adopting a magistrate judge's report and recommendation. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). However, the timely filing of specific objections to the report is not a jurisdictional requirement. *See Thomas v. Arn*, 474 U.S. 140, 144-45, 155 (1985); *United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984). Accordingly, we deny the motion to dismiss this appeal for lack of jurisdiction.

If Hancock did not timely receive the report and recommendation, he was prevented from obtaining de novo review of the recommendation by an Article III judge. *See Arn*, 474 U.S. at 153-54. In light of Hancock's assertion that he did not timely receive the magistrate judge's report and recommendation, we vacate the dismissal and remand this case to the district court for consideration of Hancock's request for an extension of time to file objections. If the district court determines that Hancock was deprived of his right to file objections, the court should permit Hancock to file objections

3

and should proceed accordingly.  We deny Hancock's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*