It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.
In re Griego, 64 F.3d at 584.
Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate [judge's] proposed findings and recommendations,"
*1050 United States v. Raddatz, 447 U.S. at 676, 100 S.Ct. 2406 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).
Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. Feb. 27, 2013) (Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF & RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where " 'the Court cannot say that the Magistrate Judge's recommendation ... is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.' " Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012) (Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013) (Browning, J.)("The Court rather reviewed the findings and recommendations ... to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PF & RD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013) (Browning, J.)(adopting the proposed findings and conclusions, and noting that "[t]he Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the ... findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151, 106 S.Ct. 466 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate [judge's] report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order and opinion adopting the Magistrate Judge's proposed findings and recommendations.
ANALYSIS
In his Objections, D. Coriz agrees that the Court should substitute Moquino, in his official capacity as Governor of the Kewa Pueblo, for R. Coriz, in his official capacity as Governor of the Kewa Pueblo. See Objections at 1. He does not object to *1051 Magistrate Judge Molzen's recommendation that R. Coriz remain a Respondent in his official capacity as Tribal Court Judge. D. Coriz objects, however, to the dismissal of Kewa Pueblo.
I. THE COURT DISMISSES KEWA PUELBLO.
D. Coriz objects to the dismissal of Kewa Pueblo, asserting that "[t]he Magistrate[2 ] cites to Santa Clara Pueblo v. Martinez, 436 U.S. 49, 54, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) for the proposition that the Tribe is immune from suit." Objections at 2. D. Coriz then spends the rest of his Objections distinguishing the case at hand from Santa Clara Pueblo v. Martinez and argues that " Santa Clara does not foreclose the possibility that a tribe cannot be held accountable in a request for habeas relief, beyond naming the tribal officials." Objections at 2.
Contrary to D. Coriz' assertions, Magistrate Judge Molzen never cited Santa Clara Pueblo v. Martinez. Rather, she correctly cited Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874 (2d Cir. 1996) for the proposition that "[a]n application for writ of habeas corpus is never viewed as a suit against the sovereign," and " § 1303 does not signal congressional abrogation of tribal sovereign immunity, even in habeas cases ." 85 F.3d at 899-900 (emphasis added). D. Coriz argues that the question presented in his motion is "whether the grant of Writ of Habeas Corpus under 25 U.S.C. § 1303 provides for suit against a tribe as a sovereign." Objections at 2. Poodry v. Tonawanda Band of Seneca Indians explicitly answers that § 1303 does not. Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899 ("Because a petition for writ of habeas corpus is not properly a suit against the sovereign, [the tribe] is simply not a proper respondent."). In fact, other judges in the District of New Mexico have dismissed Kewa Pueblo from § 1303 habeas proceedings, citing Poodry v. Tonawanda Band of Seneca Indians.See, e.g., Aguilar v. Rodriguez, Order Dismissing Kewa Pueblo and Ordering Remaining Defendants to Answer, No. CIV 17-1264 (D.N.M. Jan. 10, 2018); Van Pelt v. Geisen, Order Dismissing Kewa Pueblo and Directing Respondents to Answer, No. CIV 17-0647 (D.N.M. June 22, 2017). The Court therefore agrees with Magistrate Judge Molzen that Kewa Pueblo should be dismissed.
II. THE COURT WILL SUBSTITUE TRIBAL OFFICERS.
Having conducted a review of the rest of Magistrate Judge Molzen's PFRD, the Court agrees that it should substitute Moquino, in his official capacity as Governor of the Kewa Pueblo, as a Respondent in place of R. Coriz, in his official capacity as Governor of the Kewa Pueblo, but that R. Coriz should remain a Respondent in his official capacity as Tribal Court Judge. Tribal sovereign immunity does not bar "actions against tribal officers for writs of habeas corpus." Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899-900. Rule 25(d) of the Federal Rules of Civil Procedure provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Instead, the "officer's successor is automatically substituted as a party," and the "Court may order substitution *1052 at any time, but the absence of such an order does not affect the substitution." Fed. R. Civ. P. 25(d). "In general [ rule 25(d) ] will apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office." Fed. R. Civ. P 25(d) advisory committee's note to 1961 amendment. The proper respondent, therefore, is "the official with authority to modify the tribal conviction or sentence." Garcia v. Elwell, No. CIV 17-0333, 2017 WL 3172826, at *2 (D.N.M. May 25, 2017) (citing Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d at 899-900 ).
Here, it appears that both the Governor of the Kewa Pueblo and the Tribal Court Judge are appropriate Respondents, because they both have authority to provide D. Coriz' requested relief. See Trial Court Record at 22, filed February 5, 2018 (Doc. 7-1)(committing D. Coriz to the custody of the Sandoval County Detention Facility "until his release shall be ordered by the Governor or Judge of this Pueblo"). It is undisputed that R. Coriz is no longer Governor of the Kewa Pueblo and that Moquino now holds the office of Governor of the Kewa Pueblo. See Response to Motion to Substitute at 2, filed May 15, 2018 (Doc. 28)("Response"). Under rule 25(d), Moquino in his official capacity as Governor of the Kewa Pueblo, is therefore substituted as a Respondent in place of R. Coriz, in his official capacity as Governor of the Kewa Pueblo. While R. Coriz is no longer Governor of the Kewa Pueblo, however, he has "been appointed to serve as the Tribal Court Judge in any further proceedings against Petitioner." Response at 2. Accordingly, his official capacity as Tribal Court Judge in this case has not ended.
IT IS ORDERED that: (i) Magistrate Judge Molzen's Proposed Findings and Recommended Disposition on Petitioner's Motion to Substitute the Current Governor as the Successive Officer in the Above-Captioned Case, filed June 7, 2018 (Doc. 34), is adopted; (ii) Thomas Moquino, Jr., in his official capacity as Governor of the Kewa Pueblo, is substituted as a Respondent in place of Robert B. Coriz, in his official capacity as Governor of the Kewa Pueblo; (iii) Robert B. Coriz remains a Respondent in his official capacity as Tribal Court Judge; and (iv) Respondent Kewa Pueblo is dismissed.

A December 1, 1990 Act of Congress changed the title of federal Magistrate Judges from "Magistrate" to "Magistrate Judge." Thus, although some state courts, including the State of New Mexico's courts, have judicial officers called a "magistrate," the proper way to address and refer to federal Article I judges, such as Magistrate Judge Molzen, is "United States Magistrate Judge."