**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-1567**

LATASHA BOYD,

       Plaintiff - Appellant,

   v.

STATE OF SOUTH CAROLINA; SPARTANBURG; GOVERNMENTS,

       Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Bruce H. Hendricks, District Judge. (7:19-cv-00867-BHH)

Submitted: July 16, 2019                  Decided: July 18, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Latasha Boyd, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latasha Boyd appeals the district court's order dismissing without prejudice her civil complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (2012).[1] The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that the complaint be dismissed and advised Boyd that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Boyd has waived appellate review by failing to file objections to the magistrate judge's recommendation after receiving proper notice.[2] Accordingly, we affirm the judgment of the district court.

---

[1] Because "the grounds of the dismissal make clear that no amendment could cure the defects in [Boyd's] case," the district court's order in final and appealable. *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted).

[2] Even if we construed as objections the letter and affidavit Boyd filed within the objections period, we would find these pleadings inadequate to preserve appellate review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*