**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7144**

MYKEL JOHNSON,

                    Petitioner - Appellant,

          v.

RANDOLPH WILLIAMS, Warden of Lieber,

                    Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:19-cv-01576-HMH)

Submitted:  February 27, 2020                    Decided:  March 10, 2020

Before NIEMEYER and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mykel Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mykel Johnson seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2018) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The district court determined that Johnson did not file specific objections to the magistrate judge's report and recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Johnson received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review of the magistrate judge's recommendation that his due process and equal protection claims not be converted to a 42

2

U.S.C. § 1983 action because the objections were not specific to the particularized legal recommendations made by the magistrate judge on this issue. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

Johnson filed sufficiently specific objections related to exhaustion of his state remedies to preserve appellate review. However, we have independently reviewed the record and conclude that Johnson has not made the requisite showing to grant a certificate of appealability as to the exhaustion issue.

Accordingly, we deny Johnson's motion for a certificate of appealability as to all claims and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*