**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7432

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE KEGLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:16-cr-00050-GMG-RWT-11; 3:18-cv-00134-GMG-RWT)

Submitted:  July 27, 2022                         Decided:  August 26, 2022

Before WYNN, DIAZ, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Wayne Kegley, Appellant Pro Se.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Kegley seeks to appeal the district court's order accepting the magistrate judge's report and denying relief on Kegley's 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Kegley has not made the requisite showing. Kegley has not shown that reasonable jurists would debate the district court's ruling regarding his claim of ineffective assistance of counsel based on counsel's failure to consult about an appeal. With respect to Kegley's challenge to the district court's 18 U.S.C. § 3553(a) analysis at sentencing, we conclude that Kegley has forfeited appellate review of this issue. We limit our review of the record to the issues raised in Kegley's informal brief, and Kegley does not respond to the district court's conclusion that his collateral review waiver precluded this challenge. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an

important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Next, we conclude that Kegley has waived appellate review of his claims based on the Fourth and Eighth Amendments. The magistrate judge recommended that relief be denied and advised Kegley that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Kegley received proper notice and filed timely objections to the magistrate judge's recommendation, he did not object to the magistrate judge's recommendation regarding his Fourth and Eighth Amendment claims.

Lastly, to the extent that Kegley intends to raise freestanding claims of ineffective assistance of counsel based on: (1) counsel's alleged failure to raise the above constitutional issues; (2) counsel's alleged failure to present mitigating evidence at sentencing; and (3) counsel's alleged coercion of Kegley to plead guilty, Kegley did not raise these claims as independent bases for relief in his operative § 2255 motion below. Therefore, those claims are not properly before us. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (cleaned up)).

3

Accordingly, we deny a certificate of appealability and dismiss the appeal. We deny Kegley's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
