**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-6575**

———————————

KENNETH B. EVANS II,

        Petitioner - Appellant,

      v.

WARDEN WALLACE,

        Respondent - Appellee.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Henry M. Herlong, Jr., Senior District Judge.  (2:21-cv-01973-HMH)

———————————

Submitted:  September 22, 2022          Decided:  September 27, 2022

———————————

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Kenneth Evans, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth B. Evans II seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on Evans' 28 U.S.C. § 2254 petition.  The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge recommended that relief be denied and advised Evans that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.  *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  Although Evans received proper notice

and filed timely objections to the magistrate judge's recommendation, he has waived appellate review of the majority of his arguments because the objections were not specific to the particularized legal recommendations made by the magistrate judge. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

As for Evans' one cognizable objection—an objection to the magistrate judge's deference to the state postconviction court's credibility assessment of Evans' plea counsel's testimony—we have independently reviewed the record and conclude that Evans has not shown that that the district court's assessment of this claim is debatable or wrong. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
