**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1088**

_____

EKOKO K. AVOKI; FRANCISCO K. AVOKI,

        Plaintiffs - Appellants,

    v.

CITY OF CHESTER, SC; POLICE OF CHESTER SC; PTL COVINGTON, (individually); DOE I-XXX,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Sherri A. Lydon, District Judge.  (0:17-cv-01141-SAL)

_____

Submitted:  July 27, 2023                                    Decided:  August 3, 2023

_____

Before AGEE, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ekoko K. Avoki, Francisco K. Avoki, Appellants Pro Se.  William Henry Davidson, II, DAVIDSON, WREN & DEMASTERS, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco and Ekoko Avoki ("the Avokis") appeal the district court's orders adopting the magistrate judge's recommendations and granting Defendant summary judgment in the Avokis' 42 U.S.C. § 1983 action. As to the first of the dispositive orders, which was entered on March 6, 2020, we have reviewed the Avokis' arguments on appeal in conjunction with the record and discern no reversible error. Accordingly, we affirm the district court's order, which granted Defendants partial summary judgment. *Avoki v. City of Chester, S.C.*, No. 0:17-cv-01141-SAL (D.S.C. Mar. 6, 2020).

The Avokis also challenge the district court's later order, entered on January 5, 2023, which granted Defendants summary judgment on the Avokis' Fourth Amendment and retaliation claims. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).[*] The magistrate judge recommended that relief on these claims be denied and advised the Avokis that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the

---

[*] The Avokis assign error to the district court referring their pro se civil action to a magistrate judge because they did not consent to adjudication by a magistrate judge. We discern no error, *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016) (explaining that the Federal Magistrate's Act, 28 U.S.C. § 636(b), "permits a district court to assign any pretrial matter to a magistrate judge"), and further observe that the district judge properly reviewed de novo those aspects of the magistrate judge's first report to which the Avokis filed specific objections, *see* 28 U.S.C. § 636(b)(1)(C).

2

parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). The Avokis have forfeited appellate review of this order by failing to file objections to the magistrate judge's recommendation after receiving proper notice and an extension of time for filing their objections. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*