**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-6538**

———————————

MICHAEL JERMAINE GRACE,

            Plaintiff - Appellant,

        v.

ALAMANCE COUNTY; GRAHAM POLICE DEPARTMENT; OFFICER CROSS; OFFICER Z. HULCHER; DETECTIVE C.T. DENNY,

            Defendants - Appellees.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:20-cv-00755-LCB-JEP)

———————————

Submitted:  March 6, 2026                          Decided:  April 2, 2026

———————————

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael Jermaine Grace, Appellant Pro Se.  Steven Andrew Bader, Raleigh, North Carolina, Patrick Houghton Flanagan, CRANFILL SUMNER, LLP, Charlotte, North Carolina; Scott Douglas MacLatchie, HALL BOOTH SMITH, PC, Charlotte, North Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jermaine Grace appeals the district court's order granting summary judgment to Defendants on his 42 U.S.C. § 1983 complaint.[*] The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that summary judgment be granted and advised Grace that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Grace received proper notice and filed timely objections to the magistrate judge's recommendation, Grace failed to specifically object to the magistrate judge's determination that the claims arising out of Grace's May 18, 2017, arrest were barred by the statute of limitations. Consequently, appellate review is foreclosed as to these claims. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (citation modified)).

---

[*] Grace moves for appointment of counsel. We deny the motion.

2

As for Grace's remaining claims, we have reviewed the record and find no reversible error. We therefore affirm the district court's judgment. *Grace v. Alamance Cnty.*, No. 1:20-cv-00755-LCB-JEP (M.D.N.C. May 13, 2024).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*